**\*\* E-filed May 24, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE NOMURA TETSUYA,<br><br>   Plaintiff,<br><br>   v.<br><br>YAHOO! INC.,<br><br>   Defendant.<br>_____/ | No. C11-01209 HRL<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND (2) CONTINUING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>**[Re: Docket No. 8]** |

**BACKGROUND**

Plaintiff Joe Nomura Tetsuya ("Tetsuya") filed the instant action against defendant Yahoo! Inc. ("Yahoo!") for infringement of United States Patent No. 7,254,622 (the "'622 Patent"). Docket No. 1 ("Complaint"). He alleges that Yahoo! used the "methodology" of the '622 Patent and also "may have" violated 35 U.S.C. §§ 102 (a)-(b), 103(a), and 154(d). Id.

Yahoo! moved to dismiss Tetsuya's complaint on the grounds that he fails to state a claim upon which relief may be granted or, alternatively, to strike certain portions of his complaint. Docket No. 8 ("MTD"). After the time for doing so, Tetsuya filed what he styled a "counter strike" in opposition to Yahoo!'s motion. Docket No. 15. Oral argument was heard on May 24, 2011.

**LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing

the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007). However, only plausible claims for relief with survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

2

**DISCUSSION**

As stated above, a claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. Tetsuya's Complaint fails to do so. For instance, Tetsuya fails to allege which claims of the '622 Patent have been infringed and which Yahoo! products are infringing them and how. Instead, he simply alleges that the '622 Patent "was violated by [Yahoo!] by using the methodology associated in the patents [sic] outlines business model . . . ." Complaint at 1. This is not enough.

Tetsuya's references to 35 U.S.C. §§ 102(a)-(b), 103, and 154(d) are also unclear. 35 U.S.C. §§ 102 and 103 involve patentability, not infringement. And 35 U.S.C. § 154(d) involves a patent owner's provisional rights to reasonable royalties, but Tetsuya never alleges that Yahoo! had actual notice of the '622 Patent, a requirement under that section. 35 U.S.C. § 154(d)(1).

In sum, Tetsuya's Complaint fails to state a claim upon which relief can be granted. Accordingly, Yahoo!'s motion is GRANTED.[1] Because it is not clear that amendment would be futile, Tetsuya's complaint is dismissed without prejudice.

**CONCLUSION**

Based on the foregoing, Yahoo!'s motion is GRANTED.[2] Tetsuya's Complaint is dismissed without prejudice. Tetsuya may file an amended complaint within 30 days from the date of this order.

In addition, the initial case management conference, currently scheduled for June 7, 2011, is CONTINUED to August 30, 2011.

**IT IS SO ORDERED.**

Dated: May 24, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Since the Court dismisses Tetsuya's complaint, it does not reach Yahoo!'s request that certain portion of it be stricken.

[2] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Docket Nos. 12, 25.

**C11-01209 HRL Notice will be electronically mailed to:**

Bryan J. Sinclair          bryan.sinclair@klgates.com, adrienne.wilson@klgates.com

**Notice will be provided by other means to:**

Nomura Joe Tetsuya
3288 Pierce Street
Suite #C-129
Richmond, CA 94804

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**