United States District Court
For the Northern District of California

\*\* E-filed August 24, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE NOMURA TETSUYA,<br><br>      Plaintiff,<br>  v.<br>YAHOO! INC.,<br>      Defendant.<br>_____/ | No. C11-01209 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**[Re: Docket No. 33]** |

## BACKGROUND

Pro se plaintiff Joe Nomura Tetsuya[1] ("Tetsuya") filed the instant action against defendant Yahoo! Inc. ("Yahoo!") for infringement of United States Patent No. 7,254,622 (the "'622 Patent"). Docket No. 1 ("Complaint"). In his initial (and only) complaint, he alleged that Yahoo! used the "methodology" of the '622 Patent and also "may have" violated 35 U.S.C. §§ 102 (a)-(b), 103(a), and 154(d). Id.

On May 24, 2011, upon Yahoo!'s motion, the court dismissed Tetsuya's complaint without prejudice and granted him leave to file an amended complaint by June 23, 2011. Docket No. 27. Just

---

[1] In his response to Yahoo!'s second motion to dismiss, Tetsuya mentions for the first time that his name is not "Joe Nomura Tetsuya," but is "Tetsuya Joe Nomura." Docket No. 36 ("Response"). However, in the caption of his initial complaint, he listed his name as "Tetsuya, Joe Nomura," which led the court to believe that Tetsuya was the plaintiff's last name and not his first name. See Complaint. (The confusion surrounding the plaintiff's name is compounded by his use of "Normura" (with an additional "r") in the caption of his response.) Nevertheless, the error does not "nullify all previous proceedings" as he contends. Response at 1. And, for the purposes of continuity, the court will continue to refer to the plaintiff as "Tetsuya" in this order.

1  before that date, Tetsuya requested additional time to file an amended complaint. Docket No. 28.
2  The court granted his request and instructed him to file any amended complaint no later than July
3  23, 2011. Docket No. 30.
4       After July 23 came and went, Yahoo! filed a motion to dismiss Tetsuya's complaint with
5  prejudice for failure to obey the court's May 24 order and to prosecute his action. Docket No. 33.
6  Tetsuya missed the deadline for filing an opposition brief, but he recently filed an untimely response
7  to Yahoo!'s motion. Docket No. 36. However, to date, Tetsuya has not filed an amended complaint.
8       Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination
9  without oral argument, and the September 6, 2011 hearing is vacated.

## LEGAL STANDARD

11       Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to
12  comply with these rules or a court order, a defendant may move to dismiss the action or any claim
13  against it." FED. R. CIV. P. 41(b). However, "dismissal [or another terminating sanction] is a harsh
14  penalty and, therefore, it should only be imposed in *extreme circumstances*." Ferdik v. Bonzelet,
15  963 F.2d 1258, 1260 (9th Cir. 1992) (emphasis in original). In order to do so under Rule 41(b), "the
16  court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2)
17  the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
18  policy favoring disposition of cases on the merits; and (5) the availability of less drastic
19  alternatives.'" Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting
20  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998); additional internal citations
21  omitted). Generally, the court should make explicit findings regarding each factor before dismissing
22  an action for a party's failure to comply with a court order. See Cannon Partners, Ltd. v. Cape Code
23  Biolab Corp., 225 F.R.D. 247, 251 (N.D. Cal. 2003) (citing Ferdik, 963 F.2d at 1261). Dismissal is
24  proper "where at least four factors support dismissal, . . . or where at least three factors 'strongly'
25  support dismissal." Yourish, 191 F.3d at 990 (quoting Ferdik, 963 F.2d at 1263).

## DISCUSSION

27       "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the
28  district court dismisses the complaint with leave to amend, the dismissal is typically considered a

2

dismissal for failing to comply with a court order rather than for failure to prosecute a claim." Yourish, 191 F.3d at 986 (citing Ferdik, 963 F.2d at 1260).[2] Tetsuya has failed to file an amended complaint, so the court must now determine whether dismissal is proper.[3]

It is. Four of the five Yourish factors support dismissing this action. The first and second factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – clearly favor Yahoo!. The court dismissed Tetsuya's complaint in May and gave him 30 days to file an amended one. He needed more time, so court then gave him an additional month to do so. No amended complaint has been filed. Meanwhile, the case remains on the court's docket with no movement. The third factor – prejudice to Yahoo! – also favors dismissal. It is unfair to Yahoo! to leave open a case in which no progress is being made (and, indeed, in which no operative complaint even exists). And, the fifth factor – the availability of less drastic alternatives – favors

---

[2] The Yourish court did acknowledge that "[t]his approach is somewhat problematic because a plaintiff's failure to amend a complaint is not easily described as disobeying a court order[,] because the plaintiff has the right simply to allow the complaint to be dismissed." Yourish, 191 F.3d at 986 n.4. Accordingly, the Ninth Circuit later clarified the distinction, and limited Yourish (and Ferdik – the case upon which Yourish relied) "to circumstances in which the plaintiff did *not* . . . give the court 'notice of intent not to file an amended complaint,' but instead simply failed to take any action." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (quoting WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997)) (emphasis in original). The Edwards court explained further that:

> Yourish and Ferdik both arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*. In that situation, resources continue to be consumed by a case sitting idly on the court's docket. The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal. Where, however, the plaintiff makes an affirmative *choice* not to amend, and clearly communicates that choice to the court, there has been no disobedience to a court's order to amend; as Yourish itself noted, the plaintiff has the right to stand on the pleading. Yourish, 191 F.3d at 986 n. 4. Hence we understand the Ferdik-Yourish rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's *inaction*. When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment.

Id. at 1065 (emphasis in original) (internal citations omitted).

[3] Tetsuya makes several arguments in opposition to Yahoo!'s motion in his response, but none are persuasive. For instance, he says that Yahoo!'s motion is unclear whether it is based on Rule 41(b) (which exists) or Rule 41(B) (which does not), and likewise for 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(E)(2). Yahoo!'s motion, however, is clearly based on Rule 41(b) and 28 U.S.C. § 1915(e)(2), as it cites to them and never cites to the non-existent Rule 41(B) or 28 U.S.C. § 1915(E)(2) as Tetsuya suggests. In the remainder of his response, Tetsuya tries to explain why his original complaint states a claim, but these explanations are moot because this court previously dismissed the complaint in May 2011. Docket No. 27.

3

dismissal because the court has already given plaintiff ample time to file an amended complaint, but he has chosen not to do so. Given that Tetsuya's search for an attorney has so far been unsuccessful and may take a substantial amount of time, the court does not believe it would be fruitful to simply continue extending the deadline for him to file an amended complaint.

To be sure, the fourth factor – the public policy favoring disposition of cases on the merits – favors Tetsuya. However, this factor alone is not enough to outweigh the other four. Yourish, 191 F.3d at 990 (dismissal is proper where at least four factors support dismissal); see also Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002).

Accordingly, the court dismisses this action without prejudice.[4]

## CONCLUSION

Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: August 24, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] Although Yahoo! asks the court to dismiss the action with prejudice, the court does not believe doing so is proper given that the court gave Tetsuya no prior warning that his failure to amend his complaint would result in the dismissal of his case.

4

**C11-01209 HRL** N**otice will be electronically mailed to:**

Bryan J. Sinclair          bryan.sinclair@klgates.com, adrienne.wilson@klgates.com, sara.kerrane@klgates.com

**Notice will be mailed to:**

Nomura Joe Tetsuya
3288 Pierce Street
Suite #C-129
Richmond, CA 94804

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**